IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMANDA ELLIOTT,

      Plaintiff,

  v.                                 Civil Action 2:22-cv-4053
                                     Judge James L. Graham
                                     Magistrate Judge Kimberly A. Jolson

KRISTI NOEM, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,

      Defendant.

## ORDER

Before the Court are Plaintiff's Motions to Compel (Docs. 72, 73); Plaintiff's Motion for Leave to File Exhibits Out of Time (Doc. 74); and Defendant's position statement (Doc. 71) on the parties' discovery disputes.

As background, on June 11, 2025, Plaintiff sought the Court's intervention on the parties' various discovery issues. (Doc. 65). For over a month, the parties conferred and attempted to resolve their disputes on their own. (Docs. 66, 68). However, because discovery ends on July 27, the Court ordered the parties to file a notice stating that their disputes were resolved or position statements on any remaining issues by July 8. (Doc. 67).

The parties did neither. Instead, on that day, Plaintiff filed a status report on discovery. (Doc. 69). That filing highlighted many areas where the parties had more work to do. (*See id.*; Doc. 70 (summarizing the parties' remaining issues)). Noting that the parties did not comply with the Court's order, the Court extended their deadline to confer by ten days. (Doc. 70 at 2). The Court stated that on July 18, it expected the parties to file "either (1) a notice stating that the parties

have resolved their remaining disputes, or (2) detailed position statements . . . on any remaining disputes." (*Id.*).

Once more, the parties did not follow the Court's order.  For her part, Plaintiff filed two Motions to Compel and a Motion for Leave to file related exhibits ten minutes late because of technical difficulties.  (Docs. 72, 73 (motions to compel, one with exhibits attached); Doc. 74 (motion for leave about the exhibits)).  Meanwhile, Defendant filed a position statement on some of the parties' disputes, though she also represented that discovery was "substantially completed." (Doc. 71 at 1).

Upon review, the parties' filings do little to clarify the remaining issues.  For example, Plaintiff's Motion identifies over a dozen unresolved disputes.  Defendant's filing addresses some of them, yet it raises other areas where the parties do not agree.  And despite the Court's order, the parties did not confer before submitting their July 18 filings.  (Doc. 73 at 5).  Consequently, the Court cannot ascertain what discovery disputes are outstanding, which are in the process of being resolved, and which ones require rulings before the parties can complete discovery.

What is clear based upon the filings is that the parties have more work to do.  For instance, although Plaintiff's Motion raises several issues surrounding Rule 30(b)(6) depositions, the parties have additional or continued depositions scheduled from July 21 through July 23.  (Doc. 71 at 1). Although Plaintiff seeks an order directing Defendant to produce certain documents before those depositions, Plaintiff did not make that request until late in the evening on July 18, making it impossible for the Court to grant such relief in time.  (*See, e.g.*, Doc. 73 at 7 (seeking lists of policies and procedures before a deposition scheduled for July 21 at noon), 18 n.12 (listing documents identified during depositions that Defendant has not produced)).  And the parties'

related requests for sanctions arguably are not ripe until the parties finish the depositions. (Doc. 71 at 8; Doc 73 at 8, 25–26).

Further, Plaintiff asserts that recently uncovered documents show that Defendant's previous searches for electronically stored information were either deficient or nonexistent. (Doc. 73 at 18–19). So, Plaintiff asks the Court to order Defendant to redo her search. (*Id.*). But it appears that Defendant has already agreed to conduct at least some of the searches Plaintiff wants. (Doc. 71 at 19–20).

Plaintiff also discusses that many documents Defendant produced were improperly numbered, formatted, and redacted. (Doc. 73 at 24). Plaintiff seeks an order directing Defendant to produce "all responsive documents in their native format with metadata" and with unnecessary redactions removed. (*Id.*). Yet again, there may not be a dispute in this area. In her position statement, Defendant represents that she has reproduced all documents with proper numbering and that some reproduced documents contain redactions that Plaintiff previously did not challenge. (Doc. 71 at 2–3). What's more, Defendant has offered to work with Plaintiff on formatting issues, but Plaintiff did not respond to her requests. (*Id.* at 3 n.1 (noting that Defendant's litigation support specialist contacted Plaintiff's counsel "multiple times" to discuss formatting issues, but Plaintiff's counsel did not respond)). And Defendant is seemingly open to producing certain documents in native format and with fewer redactions if Plaintiff identifies the specific documents she seeks. (*Id.* at 3).

Additionally, the parties identify some documents that Defendant has not produced and questions that witnesses did not answer due to assertions of attorney-client privilege. (Doc. 73 at 9, 10, 13, 22–23; Doc. 71 at 5, 16). Although Defendant has not produced a privilege log yet, she

3

says she can do so by July 27, 2025. (Doc. 71 at 5). A privilege log is one aspect of the relief Plaintiff seeks in her Motion to Compel. (Doc. 73 at 23).

Finally, Plaintiff also seeks many documents that she claims are responsive to her earlier discovery requests. (*See, e.g.*, Doc. 73 at 9–17). For at least some of these requests, Defendant says Plaintiff should have asked for these documents sooner and represents she lacks the bandwidth to produce them before discovery closes on July 27. (Doc. 71 at 3–4).

That excuse will not do. Clearly, Defendant must do more to fulfill her discovery obligations. But Plaintiff also must try harder and respond to Defendant's conferral requests. This District's Local Rules require parties to exhaust "among themselves all extrajudicial means for resolving their differences" before filing discovery motions. S.D. Ohio Civ. R. 37.1. The parties have not done so here. In other words, more must be done before the parties' discovery disputes are ripe for the Court's review.

Plus, Plaintiff's Motion to Compel does not even identify all the pending discovery disputes. Indeed, she says that the disputes "are so numerous that they are difficult to exhaustively list." (Doc. 73 at 3). And as noted, the parties' filings do not provide their respective positions on every issue raised. (*See* Docs. 71, 73). Simply put, the Court cannot rule on the parties' discovery disputes based upon the present filings. (*Cf.* Doc. 70 at 2 (ordering the parties to file "detailed position statements . . . on any remaining disputes," so the Court could resolve the outstanding issues)).

The Court previously set the close of discovery for July 27. (Doc. 63). That deadline is impracticable, given the substantial volume of work that must be done. Therefore, the Court **EXTENDS** the discovery deadline to **September 2, 2025**, and the dispositive motion deadline to **October 3, 2025**.

4

Until September 2, the parties must confer in good faith on their discovery disputes, resolve the issues they can, and narrow the remaining disputes to identifiable issues upon which the Court can rule. Although the Court outlined some areas where agreements may exist, the parties must not limit their discussions to those issues. The Court expects the parties to confer on every dispute where a genuine impasse has not been reached.

For now, the Court **DENIES** Plaintiff's Motions to Compel (Docs. 72, 73) **as premature** and **DENIES** Plaintiff's Motion for Leave to file her related exhibits (Doc. 74) **as moot**. The parties may refile discovery motions and requests for discovery sanctions **on or before August 11, 2025**. Responses are due **seven days thereafter**, and no replies shall be filed without leave of court. In those motions, the parties must clearly identify each remaining discovery issue, the relief sought, and what conferral efforts have occurred. Discovery motions must not exceed twenty pages, and responses shall not exceed ten pages. The parties are **WARNED** that the Court will not hesitate to shift fees to the losing party of each dispute.

IT IS SO ORDERED.


Date: July 22, 2025                    /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE